IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CT-3251-D

| | | |
|---|---|---|
| CALVIN B. NELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| GEORGE ZOLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On December 5, 2011, Calvin B. Nelson ("Nelson" or "plaintiff"), a D.C. Code offender proceeding pro se, filed this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Compl. [D.E. 1]. Nelson seeks leave to proceed in forma pauperis [D.E. 2]. On December 16 and 21, 2011, Nelson filed motions to amend his complaint [D.E. 6, 8]. On January 9, 2012, Nelson filed a motion to consolidate this action with Nelson v. Zoley, 5:12-CT-3008-BO (E.D.N.C.) [D.E. 10]. On January 12 and 19, 2012, Nelson filed motions to transfer this action to the United States District Court for the District of Columbia [D.E. 11–12]. As explained below, the court grants plaintiff's motions to amend, dismisses the action for failure to state a claim upon which relief may be granted, and denies as moot plaintiff's remaining motions.

Courts must review complaints in civil actions in which prisoners seek relief from a governmental entity or officer, and dismiss a complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915A(a)–(b)(1). A case is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72,

75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

A party may amend his pleading once as a matter of course within twenty-one days after service or, if the pleading requires a response, within twenty-one days after service of the response or service of a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend his pleading only with the written consent of the opposing party or with leave of court. Fed. R. Civ. P. 15(a)(2). Because Nelson's complaint is subject to review under section 1915A, no defendant has been served. Accordingly, Nelson's motions to amend [D.E. 6, 8] are granted, and the court reviews these additional materials together with the original complaint to determine whether Nelson has stated a claim upon which relief may be granted.

Nelson is incarcerated at Rivers Correctional Institution in Winton, North Carolina ("Rivers"). Compl. 2. Nelson alleges that on November 2, 2011, defendant White, a Rivers officer, "put [Nelson] out of the law library" after he spent two hours in the library preparing "law papers for court," and that defendant Grant, another Rivers officer, denied Nelson entrance to the law library later that night because he had already been in the library earlier that day. Id. 3–4. Nelson also

challenges the legal basis for his incarceration at Rivers, asserting that North Carolina law prohibits "private prisons in North Carolina [from] hous[ing] outter [sic] state prisoners in North Carolina." Id. 4. In addition to White and Grant, Nelson names as defendants George Zoley, the "CEO of GEO" on the basis that he "is held responsible for the employees set forth in this complaint"; H. Douglas and R. Williams, the "principal" and "librarian," respectively, of the Rivers Education Department; and D. Framer, the "A/W of Programs . . . ." Id. 2–4. Nelson seeks $2,000 in damages from each defendant. Id. 4.

Rivers is "a privately run facility in North Carolina operated by the GEO Group, Inc. under contract with the federal Bureau of Prisons." Holly v. Scott, 434 F.3d 287, 288 (4th Cir. 2006). As this court noted,

> [t]he Fourth Circuit's holding in Holly . . . casts a long shadow. Although the Fourth Circuit purported not to decide the issue, id. at 291, the appeals court strongly implied that private individuals . . . may never be subject to suit under Bivens. See, e.g., id. at 292 ("Application of Bivens to private individuals simply does not find legislative sanction."); id. at 291 ("[W]e harbor some doubt as to whether such liability would ever be appropriate."). Relying on this language in Holly . . . , courts in this district have repeatedly held, and the Fourth Circuit has agreed, that private individuals who work as employees for GEO Group at Rivers are not subject to liability under Bivens.

Holly v. Christensen, No. 5:07-CT-3134-D, 2008 WL 956722, at *4 (E.D.N.C. Apr. 8, 2008) (unpublished) (collecting cases) (fourth alteration in original); see Minneci v. Pollard, 132 S. Ct. 617, 623–26 (2012). Thus, any Bivens claim against a GEO employee is frivolous.

Alternatively, Nelson fails to state a claim. To the extent Nelson claims interference with his access to the courts, inmates have a right to reasonable access to state and federal courts and to communicate with attorneys. See, e.g., Lewis v. Casey, 518 U.S. 343, 350–51 (1996); Ex parte Hull, 312 U.S. 546, 549 (1941); Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir. 1978). However, to state a claim for denial of access to the courts, the inmate must show actual injury by demonstrating

3

that defendant's conduct hindered the inmate's efforts to pursue a legal claim. See, e.g., Lewis, 518 U.S. at 351–57; Michau v. Charleston Cnty., S.C., 434 F.3d 725, 728 (4th Cir. 2006); Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996). Further, isolated incidents without negative consequences to plaintiff do not constitute a constitutional deprivation of one's rights. See, e.g., Buie v. Jones, 717 F.2d 925, 926 (4th Cir. 1983).

Nelson has not stated a claim for interference with his access to the courts. He was not completely prevented from preparing his legal work, but was simply restricted from using a public area for more than two hours in one day. Additionally, Nelson has named several defendants based on their supervisory positions. However, "[i]n a . . . Bivens action—where masters do not answer for the torts of their servants—the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Iqbal, 556 U.S. at 677; Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001). Thus, Nelson has failed to state a claim upon which relief can be granted.

To the extent Nelson claims that it is illegal "to house outter [sic] state prisoners in North Carolina," Compl. 4, inmates do not have the constitutional right to be incarcerated in any particular prison, jail, or confinement facility of any particular security level. See, e.g., Meachum v. Fano, 427 U.S. 215, 223–24 (1976); Slezak v. Evatt, 21 F.3d 590, 594 (4th Cir. 1994). The BOP has the authority to designate the location of an inmate's imprisonment, "whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted . . . ." 18 U.S.C. § 3621(b). The BOP "may at any time . . . direct the transfer of a prisoner from one penal or correctional facility to another." Id. Moreover, the BOP is authorized to contract with non-federal institutions to house federal inmates. See id. § 4013(a)(3). Additionally, to the extent a North Carolina statute prohibits private prisons from housing out-of-

4

state inmates, it also provides an exception for "facilities owned or operated by the federal government . . . ." N.C. Gen. Stat. § 148-37.1(b). Moreover, "[t]he Supremacy Clause and the doctrine of preemption invalidate state statutes to the extent they are inconsistent with or contrary to the purposes or objectives of federal law." Sheehan v. Peveich, 574 F.3d 248, 252 (4th Cir. 2009). Thus, plaintiff has failed to state a claim upon which relief can be granted.

In sum, the court GRANTS plaintiff's motions to amend [D.E. 6, 8], DISMISSES plaintiff's complaint [D.E. 1] as frivolous under 28 U.S.C. § 1915A, and DENIES AS MOOT plaintiff's remaining motions [D.E. 10–12]. The Clerk of Court shall close the case.

SO ORDERED. This 16 day of July 2012.

JAMES C. DEVER III
Chief United States District Judge